■ WILLIAM ROBYN, Respondent, v. GERALDINE H. WILLIAMS, Appellant, et al., Defendants.— In an action to foreclose a consolidated mortgage on certain real property, the defendant Geraldine Hinds Williams appeals from an order of the Supreme Court, Kings County, dated July 24, 1962, which: (a) granted plaintiff's motion to direct her to attorn and to account to the receiver theretofore appointed in the action; (b) denied her cross motion to dismiss the action or, in the alternative, to open her default in answering the

complaint; and (c) *inter alia*, directed her to turn over possession of the premises to the receiver. Order affirmed, with $10 costs and disbursements. On March 25, 1960 plaintiff commenced the instant action, based upon the said defendant's nonpayment of an installment of principal and interest, taxes, etc. In lieu of obtaining the appointment of a receiver, the parties, before answer, entered into a stipulation whereby the said defendant executed an assignment of rents which was to remain in full force until payment in full shall have been made of all sums due and to become due under the mortgage. The assignment further provided: (a) that upon default by the said defendant thereunder, plaintiff should have the right to proceed in the action "without any notice whatsoever" to her; (b) that upon payment in full, the assignment was to be returned and delivered to her and "the within action shall thereupon be discontinued"; and (c) that the assignment was to be "without prejudice to any and all rights which the plaintiff may have under the aforesaid mortgage as consolidated." Plaintiff, upon the said defendant's default, obtained an ex parte order appointing a receiver, and thereafter moved to compel her to attorn to the receiver with respect to rents received by her in violation of the order. The defendant cross-moved, as above indicated, and on this appeal contends that the stipulation settled the action and, hence, the plaintiff was not entitled to proceed without notice. In view of the provisions of the stipulation and said defendant's default in making the agreed payments, plaintiff was justified in proceeding in the action without further notice to her. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.